IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JAMES WILHITE,<br><br>   Plaintiff,<br><br> v.<br><br>CHEX SYSTEMS, INC., VERITEX COMMUNITY BANK<br><br>   Defendant. | Case No. |

## NOTICE OF REMOVAL OF ACTION

**PLEASE TAKE NOTICE** that Defendant Chex Systems, Inc., ("ChexSystems") removes this action from the Justice Court of Harris County, Texas to the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. §§ 1331, 1441 and 1446. Removal is proper because this Court has subject matter jurisdiction over this action under federal question jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

## BACKGROUND

1. James Wilhite ("Plaintiff") commenced the Smalls Claims State Court Action against Chex Systems on December 8, 2023 by filing a Small Claims Case in the Justice Court of Harris County, Texas, Case No. 231100443908 (the "Complaint").  Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served on Defendant in the State Court Action are attached hereto as **Exhibit A**.

2. On April 16, 2024, Defendant ChexSystems received service by certified mail served upon its registered agent.

3. This Notice of Removal is being filed within thirty days of service of the Complaint on ChexSystems. This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b).

**BASIS FOR REMOVAL**

4. In the Complaint, Plaintiff alleges that ChexSystems was notified of "false, misleading and defamatory information reported publicly about [him] and failed to address and deal with [his] request." Complaint, ¶ 1.

5. ChexSystems denies the allegations in the Complaint and denies that Plaintiff has stated a claim for which relief may be granted. Nevertheless, assuming for jurisdictional purposes only that Plaintiff's claims are valid, he could have originally filed his Complaint in this Court under federal question jurisdiction because resolution of Plaintiff's claims will require determination of significant disputed issues of federal law.

6. Specifically, claims related to the reporting of inaccurate credit information and disputes of information reported by consumer reporting agencies are governed by the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et. seq.* ("FCRA").

7. Accordingly, this Court has original jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1331, which states that federal question jurisdiction is appropriately exercised over "all civil actions arising under the Constitution, laws, or treaties of the United States."

8. Such cases are explicitly within this Court's removal jurisdiction pursuant to 28 U.S.C. § 1441(a), which provides, in relevant part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

9. In the Complaint, Plaintiff alleges that he notified ChexSystems of false information reported about him, but ChexSystems "failed to properly address and deal with [his] request."

10. 15 U.S.C. § 1681i provides that "if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency…the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate…." Therefore, Plaintiff purports to assert a claim under 15 U.S.C. § 1681i.

11. Thus, Plaintiff appears to be asserting a claim against ChexSystems under § 1681i. There is no other conceivable basis for Plaintiff's claim against a consumer reporting agency based on the short statement of Plaintiff's claim. This Court, therefore, has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the allegations in the Complaint involve questions that will require resolution of significant, disputed issues arising under federal law.

12. Additionally, the FCRA specifically vests district courts with jurisdiction over any "action to enforce any liability created under [the FCRA]." 15 U.S.C. § 1681p. Because Plaintiff seeks to enforce alleged liabilities created under the FCRA, this Court has jurisdiction.

**COMPLIANCE WITH PROCEDURAL REQUIREMENTS**

13. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders served on ChexSystems from the State Court Action are collectively attached hereto as **Exhibit A**. Upon information and belief, no other related process, pleadings, or orders, including the Complaint, have been served upon any Defendant.

14. ChexSystems was served on April 16, 2024.

15. ChexSystems's time to remove was triggered by the completion of formal service and the removal period runs from the date of service. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999)("[I]f the complaint is filed in court prior to any service, the removal period runs from the service of the summons.")

16. Because service on ChexSystems was deemed complete on April 16, 2024, removal is timely because it is within thirty days of service of the Complaint, as 28 U.S.C. § 1446(b)(1) requires.

17. On April 8, 2024, Defendant Veritex Community Bank ("Veritex") was served.

18. On April 25, 2024, counsel for ChexSystems reached out to counsel for Veritex regarding its intention to remove this action. Veritex consents to this removal as evidence by the Notice of Consent attached as **Exhibit B.**

19. Accordingly, all defendants who have been properly served and joined consent to this removal of the State Court Action, pursuant to 28 U.S.C. § 1446(b)(2).

20. Venue is proper in this Court because this district encompasses the Justice Court for Harris County, Texas, the forum from which the case has been removed. See 28 U.S.C. § 1441(a).

21. In accordance with 28 U.S.C. § 1446(d), a copy of ChexSystems's Notice of Filing of Notice of Removal is being filed contemporaneously with the Clerk of Justice Court for Harris County, Texas.

22. In accordance with 28 U.S.C. § 1446(d), ChexSystems is also contemporaneously serving this Notice of Removal on Plaintiff.

**RELATED CASES**

23. To the best of ChexSystems's knowledge, there are no cases relating to the State Court Action pending in this Court.

**RESERVATION OF RIGHTS**

24. ChexSystems denies the allegations contained in Plaintiff's Complaint and files this Notice of Removal without waiving any defenses, objections, exceptions, or obligations that may exist in its favor in either state or federal court. Further, in making the allegations in this Notice of Removal, ChexSystems does not concede in any way that the allegations in the Complaint are properly raised against ChexSystems, that Plaintiff has asserted claims upon which relief can be granted, or that recovery of any of the amounts sought is authorized or appropriate.

25. ChexSystems also reserves the right to amend or supplement this Notice of Removal. And, in this regard, if any questions arise as to the propriety of the removal of the State Court Action, ChexSystems expressly requests the opportunity to present a brief, oral argument, and/or any further evidence necessary in support of its position that this action is removable.

WHEREFORE, ChexSystems hereby removes this action from the Justice Court for Harris County, Texas to the United States District Court for the Southern District of Texas and requests such other and further relief as the Court deems appropriate.

Respectfully submitted, this 30th day of April 2024.

/s/ *David M. Gettings*
David M. Gettings, Esq.
TX State Bar No. 24120375
TROUTMAN PEPPER HAMILTON SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7747
Email: dave.gettings@troutman.com
Secondary Email: fslecfintake@troutman.com
*Counsel for Chex Systems, Inc.*

5

## **CERTIFICATE OF SERVICE**

I hereby certify that this *Notice of Removal* was electronically filed with the Clerk using the CM/ECF system, which will send a notice of electronic filing to all registered users of the CM/ECF system and served via email and U.S. Mail, postage prepaid, addressed as follows:

James Wilhite
6006 Stilson Branch Lane
Houston, Texas 77092
email: jameswilhite82@gmail.com

Matthew B. Glenn, email: mglenn@dwgpc.com
D. Woodard Glenn, email: wglenn@dwgpc.com
D. WOODARD GLENN, P.C.
6301 Gaston Avenue, Suite 1214
Dallas, Texas 75214
*Attorneys for Veritex Community Bank*

This 30th day of April 2024.

/s/ *David M. Gettings*
David M. Gettings, Esq.