United States District Court
Southern District of Texas
**ENTERED**
March 31, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JAMES WILHITE, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § Civil Action No. H-24-1620 |
| | § |
| CHEX SYSTEMS, INC. AND | § |
| VERITEX COMMUNITY BANK, | § |
| | § |
| Defendants. | § |

## ORDER

Pending before the Court is Defendant Veritex Community Bank's Motion to Dismiss (Document No. 29). Having considered the Defendant's motion, submissions, and applicable law, the Court determines that the Defendant's motion should be granted.

## I. BACKGROUND

This is a claim arising from the Fair Credit Reporting Act. On December 8, 2023, *pro Se* Plaintiff James Wilhite ("Wilhite") commenced a small claims state court action against Defendant Chex Systems, Inc. ("Chex"), and Defendant Veritex Community Bank ("Veritex"). Therein, Wilhite alleges a single factual allegation against each Defendant. First, Wilhite contends that Chex reported "false, misleading and defamatory information" publicly about him, and "failed to properly

address and deal with [his] request."[1] Second, Wilhite contends that Veritex falsely accused him of not paying his bills, and reported "false, misleading and highly sensitive information."[2] Whilhite seeks $6,000.00 in damages for "credit repair expenses and for causing unnecessary stress and anxiety."[3]

Based on the foregoing, on April 30, 2024, Defendants removed this matter to this Court pursuant to federal question jurisdiction. On August 22, 2024, Chex was dismissed with prejudice from this matter, leaving Veritex as the sole defendant remaining in the case. On February 10, 2025, Veritex filed a motion to dismiss for failure to state a claim upon which relief can be granted. Wilhite did not respond to Veritex's motion to dismiss within either the original response date, or the date of this order.

## II.  STANDARD OF REVIEW

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels

---

[1] *Plaintiff's Complaint*, Document No. 1, Exhibit A at 8.

[2] *Plaintiff's Complaint*, Document No. 1, Exhibit A at 8.

[3] *Plaintiff's Complaint*, Document No. 1, Exhibit A at 8.

2

and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

### III.  LAW & ANALYSIS

Veritex moves to dismiss Wilhite's complaint, contending that Wilhite fails to state a claim upon which relief can be granted. Wilhite did not respond to Veritex's motion to dismiss, failing to rebut or offer evidence to counter Veritex's contentions. Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4. Regardless of Wilhite's

failure to respond to Veritex's motion to dismiss, the Court will consider the merits of Wilhite's claim against Veritex.

Wilhite sole allegation against Veritex is that Veritex falsely accused him of not paying his bills and reported "false, misleading and highly sensitive information" in reviewing his credit and financial history.[4] To prevail on a claim against a furnisher of information such as Veritex under the FCRA, Wilhite must allege that (1) he disputed the accuracy or completeness of information with a consumer reporting agency; (2) the agency notified the furnisher of the consumer's dispute; and (3) the furnisher failed to conduct an investigation, correct any inaccuracies, or notify the agency of the results of the investigation. *See* 15 U.S.C. §§ 1681s–2(b). Here, Veritex contends that Wilhite has not plead facts plausibly alleging: (1) Veritex, as a furnisher, was notified of a dispute; or that (2) Veritex failed to investigate or notify a consumer reporting agency of the results of an investigation. An independent review of Wilhite's complaint shows Wilhite's sole factual allegation establishes that Veritex possibly failed to correct alleged inaccuracies but fails to show that Wilhite completed the necessary steps to bring a claim under the FCRA. Wilhite offers no rebuttal. Considering the Fifth Circuit's strong guidance in this area of the law, without more, Wilhite's conclusory allegation alone is insufficient to survive the pending motion to dismiss. *See Young v. Equifax Credit*

---

[4] *Plaintiff's Complaint*, Document No. 1, Exhibit A at 8.

*Info. Servs., Inc.,* 294 F.3d 631, 639 (5th Cir. 2002) (dismissing an FCRA claim against a furnisher of information where plaintiff failed to allege the consumer reporting agency notified the furnisher of the consumer's dispute).

Even construing the complaint liberally, the Court finds that Wilhite offers no plausible factual basis for his assertion that Veritex reported false information. Given the Fifth Circuit's guidance that a Plaintiff must provide enough facts to state a claim for relief that is plausible on its face, the Court finds that Wilhite's claims should be dismissed. Accordingly, considering there are no other claims pending against Veritex, the Court finds that Veritex's motion to dismiss should be granted.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendant Veritex Community Bank's Motion to Dismiss (Document No. 29) is **GRANTED**. The Court further

**ORDERS** that Plaintiff James Wilhite's claims against Veritex Community Bank are **DISMISSED**.

**THIS IS A FINAL JUDGMENT.**

SIGNED at Houston, Texas, on this **31** day of March, 2025.

DAVID HITTNER
United States District Judge

5